## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MCQUAID, individually and as: the administrator of the Estate of Dominic Ingle, | : | Civil No. 4:21-CV-02019 |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | Judge Jennifer P. Wilson |
| v. | : | |
| | : | |
| JOHN WETZEL, *et al.* | : | |
| | : | |
| Defendants. | : | Magistrate Judge William I. Arbuckle |

## ORDER

Before the court is the report and recommendation of United States

Magistrate Judge William I. Arbuckle recommending that the motion to dismiss

filed by Defendants John Wetzel, Secretary of the Pennsylvania Department of

Corrections, and Laurel Harry, Superintendent of SCI Camp Hill (collectively,

"Supervisory Defendants"), be granted in part and denied in part.  (Doc. 50.)

Defendants timely filed objections to the report and recommendation, which

Plaintiff Joseph McQuaid ("McQuaid") opposed.  (Docs. 54, 58.)  For the reasons

that follow, the court will adopt the report and recommendation in part, and grant

the Supervisory Defendants' motion to dismiss.

### STANDARD OF REVIEW

### A. Review of a Magistrate Judges' report and recommendation

When a party objects to a magistrate judge's report and recommendation, the

district court is required to conduct a de novo review of the contested portions of

the report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);

*Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  The district court may

accept, reject, or modify the magistrate judge's report and recommendation in

whole or in part. 28 U.S.C. § 636(b)(1).  The district court may also receive further

evidence or recommit the matter to the magistrate judge with further instructions.

*Id.*  "Although the standard is de novo, the extent of review is committed to the

sound discretion of the district judge, and the court may rely on the

recommendations of the magistrate judge to the extent it deems proper."  *Weidman*

*v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F.

Supp. 2d 496, 499 (M.D. Pa. 2000)).  For the uncontested portions of the report

and recommendation, the court affords "reasoned consideration" before adopting it

as the decision of this court.  *City of Long Branch*, 866 F.3d at 100 (quoting

*Henderson*, 812 F.2d at 878).

### B. Motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)

In order "[t]o survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting

2

*Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION[1]

### A. The court adopts the uncontested portions of the report and recommendation.

At the outset, no party objects to Sections I, II, III, and IV(A) of the report and recommendation. In these sections, Judge Arbuckle details the factual allegations and procedural history of this case as well as the standard of review for a motion to dismiss pursuant to Rule 12(b)(6). (Doc. 50, pp. 1–13.)[2] Next, Judge Arbuckle addresses the *Monell* claim pled in Count II of McQuaid's complaint. (*Id.* at 13–19.) After detailing the allegations in the complaint and the parties' arguments, Judge Arbuckle opines that a claim pursued under 42 U.S.C. § 1983

---

[1] Because the court is writing for the benefit of the parties, only the necessary information is included in this order. For a more fulsome discussion of the facts and issues in this case, the court refers to the report and recommendation. (Doc. 50.)

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

and *Monell* may only be pursued against municipalities, not individuals.  (*Id.* at 19.)  Thus, it is recommended that Count II be dismissed against the Supervisory Defendants.  (*Id.* at 32.)

After giving "reasoned consideration" to the uncontested portions of the report and recommendation, the court finds that Judge Arbuckle's analysis is well-reasoned and fully supported by the record and applicable law.  *See City of Long Branch*, 866 F.3d at 99 (quoting *Henderson*, 812 F.2d at 878.)  The court will adopt these portions of the report and recommendation in full.

### B.  The court declines to adopt the recommendation regarding Count I of Plaintiff's complaint.

In Section IV(B) of the report and recommendation, Judge Arbuckle addresses the Supervisory Defendants argument that Count I should be dismissed because they were not personally involved in the incident alleged in the complaint.  (Doc. 50, pp. 19–24.)  Therein, Judge Arbuckle outlines the relevant case law requiring personal involvement in civil rights actions.  (*Id.* at 23.)  Then, the report and recommendation identifies "two theories of supervisory-type liability that could be applicable in this case," and cites to case law relating to *Monell* claims.  (*Id.* at 23–24.)  In conclusion, Judge Arbuckle opines:

> The DOC Supervisor Defendants are correct that Plaintiff has not alleged any facts that suggest Defendant Wetzel or Harry ever interacted with Ingle.  Therefore, Plaintiff has not alleged that Defendant Harry or Wetzel directly participated in the violation of Ingle's constitutional rights.  However, Plaintiff has pleaded enough

> facts to support a claim based on a theory of supervisory liability. Plaintiff alleges that Defendants Wetzel and Harry were responsible for training and supervising the non-supervisory Defendants, and that these Defendants ignored Ingle's suicide attempt at the institution, ignored Ingle's self-injurious behavior, and failed to take reasonable action when notified by Ingle's girlfriend that Ingle planned to commit suicide. Accordingly, the individual capacity claims against Defendants Wetzel and Harry based on a theory of supervisory liability should be permitted to proceed.

(*Id.* at 24.)

In their objections, the Supervisory Defendants argue that this recommendation is inconsistent with Judge Arbuckle's earlier finding that the *Monell* claim at Count II must be dismissed. (Doc. 54-1, pp. 5–8.) The Supervisory Defendants assert that the law requires personal involvement to pursue a civil rights claim against them; theories of *respondeat superior*, i.e. supervisory liability, are insufficient. (*Id.* at 6.) By finding that the individual capacity claims against the Supervisory Defendants can proceed on a theory of supervisory liability, the Supervisory Defendants submit that liability is imputed "simply because of title, without pointing to any actual involvement," which is "improper." (*Id.* at 7.) Additionally, the Supervisory Defendants argue that the report and recommendation "runs afoul of *Iqbal*" because the complaint fails to even allege that "that the supervisors adopted a policy that resulted in suicide," rather, the complaint alleges "that they did not do something that might have prevented Decedent's suicide." (*Id.* at 8.)

McQuaid, in opposition, asserts that Judge Arbuckle correctly analyzed the difference between a *Monell* claim and individual civil rights claims.  (Doc. 58, pp. 8–13.)  In setting forth this argument, McQuaid states that the report and recommendation should be adopted because, as to the individual civil rights claims, he "adequately alleged that the [Supervisory] Defendants were 'personally involved' in the deprivations of Ingle's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution."  (*Id.* at 9.)  Next, McQuaid cites to the case law outlining the requirement of personal involvement for McQuaid, and then heavily relies on the Third Circuit's decision in *Barkes v. First Correctional Medical, Inc.*, 766 F.3d 307 (3d Cir. 2014), *rev'd sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015), to overcome the *Iqbal* standard.  (*Id.* at 9–15.)

First, addressing McQuaid's arguments, McQuaid either misstates or misunderstands Judge Arbuckle's ruling.  The report and recommendation finds that there are *no* facts to suggest that the Supervisory Defendants had personal involvement in the alleged deprivation of Ingle's rights.  (Doc. 50, p. 24.)  Second, McQuaid's reliance on *Barkes* is misplaced, as the United States Supreme Court reversed the Third Circuit's decision and found that the commissioner and warden of the state department of corrections were entitled to qualified immunity.  *Taylor v. Barkes*, 575 U.S. 822 (2015).

The court agrees with the Supervisory Defendants that Judge Arbuckle's recommendation as to Count I is inconsistent with his earlier opinion regarding Count II. There is no dispute regarding the need for the plaintiff to allege personal involvement by defendants to be held responsible for the alleged constitutional violations in this case. The disagreement derives from the application of *respondeat superior*, i.e. supervisory liability, to establish a legal basis for Count I of the complaint to proceed against the Supervisory Defendants. However, outside of the *Monell* context, the claims for violation of Ingle's Eighth and Fourteenth Amendment rights in Count I asserted against the Supervisory Defendants without personal involvement are not legally tenable. *See Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Accordingly, the court will sustain the objection, decline to adopt this portion of the report and recommendation, and grant the Supervisory Defendants' motion to dismiss in this regard.

**A. The court declines to adopt the recommendation regarding qualified immunity.**

Because the court grants the motion to dismiss as to Counts I and II of the complaint, there are no claims that require the qualified immunity analysis. Accordingly, the court will decline to adopt Section IV(C) of the report and recommendation and overrule the Supervisory Defendants' objection in this regard.

**B. The court will dismiss the wrongful death and survival causes of action in the complaint against the Supervisory Defendants.**

In the complaint, McQuaid also pleads wrongful death and survival claims under Pennsylvania law against the Supervisory Defendants. (Doc. 1, ¶¶ 133–137.) To the extent McQuaid attempts to plead those causes of actions as independent claims from Counts I and II, the court will dismiss the wrongful death and survival actions because no underlying cause of action remains against the Supervisory Defendants. *See McEntyre v. Se. Veterans' Center*, No. 21-3622, 2022 WL 5027202, *5 (E.D. Pa. Oct. 4, 2022) (dismissing wrongful death and survival actions because no substantive causes of action remained in the case); *Salvio v. Amgen, Inc.*, 810 F. Supp. 2d 745, 757 (W.D. Pa. 2011) (same).

CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED AS FOLLOWS**:

1) The report and recommendation, Doc. 50, is **ADOPTED IN PART**. Specifically, Sections I, II, III, and IV(A) of the report and recommendation are **ADOPTED**. The court **DECLINES TO ADOPT** the remaining sections of the report and recommendation.

2) The court **SUSTAINS** the Supervisory Defendants objection to Section IV(B) of the report and recommendation and **OVERRULES** the objection to Section IV(C).

3) The Supervisory Defendants' motion to dismiss, Doc. 40, is **GRANTED**. Specifically, Count II is **DISMISSED WITH PREJUDICE**. Count I, as well as the causes of action for wrongful death and survivor, are **DISMISSED WITHOUT PREJUDICE**.

4)  Plaintiff may file an amended complaint within 21 days of the date of this order.  Should Plaintiff fail to file an amended complaint, the Clerk of Court is directed to terminate Defendants Wetzel and Harry from this action.

5)  This case is referred back to Judge Arbuckle for pretrial management.


s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania


Dated: November 2, 2022