IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH A. MCQUAID,** both Individually and as the Administrator of the ESTATE OF DOMINIC INGLE | : : : : | **Civil Action No. 4:21-cv-02019** |
| Plaintiff | : : | (WILSON, D.J.) (ARBUCKLE, M.J.) |
| v. | : : | JURY TRIAL DEMANDED |
| **CORRECTIONAL OFFICER SERGEANT FLETCHER, et al** | : : : | |
| Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE JOINT MOTION OF THE PARTIES FOR LEAVE TO FILE PETITION FOR APPROVAL OF AND DISTRIBUTION OF WRONGFUL DEATH AND SURVIVAL ACTION PROCEEDS UNDER SEAL**

**I.    QUESTION PRESENTED**

Should the parties be given leave to submit a Petition for Approval of Settlement, given the legitimate privacy and confidentiality interests in favor of sealing this record and little, if any, countervailing interests in public access?

**Suggested Answer**: Yes

**II.    STATEMENT OF FACTS**

The instant action involves federal civil rights claims, as well as Pennsylvania state law claims from Plaintiff's allegations that Defendants, who

1

were affiliated with the Pennsylvania Department of Corrections ("DOC") and the State Correctional Institution at Camp Hill ("SCI-Camp Hill") who through their actions, inactions, and implementation of policies, permitted the decedent, Dominic Ingle, age 24 at the time of his death, an inmate at SCI-Camp Hill with a long and well-known history of suicidal ideation and attempts, to hang himself in a cell at SCI- Camp Hill on December 4, 2019.  A true and correct copy of the Complaint is attached hereto as Exhibit "A."

The parties were able to reach an amiable resolution by way of a settlement. Confidentiality was a condition of that settlement, as was placing the Petition for Approval under seal.  Pennsylvania Rule of Civil Procedure 3323 requires that, where wrongful death and survival actions are settled for a single amount, settlement must be approved by a court having jurisdiction.  See 20 Pa. C.S.A. § 3323.  See also Moore v. Gates, 398 Pa. Super. 211, 218, 580 A.2d 1138, 1141 (1990).

### III. LEGAL ARGUMENT

Although court records are generally open to the public, such records may be sealed if "good cause" is demonstrated.  *See generally, Katz v. Katz*, 356 Pa. Super. 461, 472, 514 A.2d 1374, 1380 (1986).  The decision as to public access must rest upon the sound discretion of the trial court. *See Com. v. Frattarola*, 336 Pa. Super. 411, 485 A.2d 1147 (1984).  In evaluating whether "good cause" has been shown,

courts utilize a multi-factor test, including whether disclosure violates privacy interests, whether disclosure will cause a party embarrassment, whether the party seeking confidentiality is a public entity or official (as opposed to a private entity), and whether the case involves issues important to the public. *See generally Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995). As noted by the Third Circuit Court of Appeals, "if a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994).

in the instant matter, the parties involved are private litigants. If it were not for the requirement of court approval of settlement under Rule 3323, Confidentiality would be available to the parties. The circumstances of the case, including the nature of the incident, combined with the amount and terms of the ultimate settlement, is likely to cause embarrassment, damage and undue intrusion into the privacy of the parties, while at the same time serving little, if any, public interest.

All parties are in agreement that widespread availability of the settlement terms, via docketing the petition for approval as a public record, is detrimental to their legitimate privacy and confidentiality concerns. as such, the parties jointly request the leave be granted to submit the petition under seal.

## IV. CONCLUSION

As the circumstances of the case, combined with the amount and terms of the ultimate settlement, is likely to cause embarrassment, damage and undue intrusion into the privacy of the parties, while at the same time serving little, if any, public interest, good cause has been shown to justify sealing the Petition for Approval of Settlement.

WHEREFORE, Plaintiff together jointly with the Defendants, respectfully request this Honorable Court to grant the instant Motion for Leave to File under Seal by entering the attached Order.

                                              ZARWIN, BAUM, DeVITO, KAPLAN,
                                                SCHAER & TODDY P.C.

BY: *Peter A. Greiner*
       PETER A. GREINER, ESQUIRE
       **Attorney for Plaintiff**